# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 04 CR 1090-1 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| JAMES DISMUKES ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Defendant James Dismukes entered into a plea agreement with the United States in which Dismukes pled guilty to one count of distributing, and possessing with intent to distribute, crack cocaine. (Plea Agreement, Doc. No. 207.) Consistent with the terms of the plea agreement, Dismukes was sentenced to a term of 144 months incarceration by the Honorable Mark Filip. (J. in a Crim. Case, Doc. No. 260.) This matter comes before the court on Dismukes' "motion for modification of sentence based on new amendment to the sentencing guidelines made retroactive by the Sentencing Commission pursuant to 18 U.S.C. § 3582(c)(2)" (Doc. No. 362.) For the reasons set forth below, Dismukes' motion is denied.

### I  BACKGROUND

Dismukes entered into a plea agreement with the government in which he pled guilty to one count of distributing, and possessing with intent to distribute, crack cocaine. (Plea Agreement at ¶ 5.) In return for Dismukes' cooperation, the government agreed to "move the court . . . to depart from the applicable sentencing guideline range and the statutory minimum sentence, and to impose the sentence agreed to by the parties outlined below." (*Id.* ¶ 16.) Dismukes and the government agreed that "the sentence imposed by

the Court shall include a term of imprisonment of 144 months."[1] (*Id.*)  Consistent with the government's recommendation, Judge Filip imposed the 144-month sentence stipulated to by the parties.  (J. in a Crim. Case.)

A year later, the Sentencing Commission passed Amendment 706, which "generally reduced by two levels the offense levels applicable to crack cocaine offenses." *Wilson v. United States*, No. 95-CR-509-6, 2010 WL 780388, at *2 (N.D. Ill. Mar. 3, 2010).  "Amendment 706 . . . was subsequently added to the list of retroactively applicable amendments."  *Id.*

## II.  LEGAL STANDARD

18 U.S.C. § 3582(c)(2) provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).

## III.  ANALYSIS

Dismukes argues that based on Amendment 706 "he should be entitled to a reduction of sentence . . . associated with quantity of crack cocaine by two levels."  (Mot. at 4.)  The government argues that "[t]he Sentencing Guidelines amendment is inapplicable to Dismukes . . . because he was sentenced to a specific, stipulated term of months provided in a plea agreement entered under Federal Rule of Criminal Procedure

---

[1] Dismukes and the government believed that the "preliminary sentencing guideline range [would have been] 188-235 months' imprisonment" (Plea Agreement ¶ 6), while Judge Filip was "pretty confident" that Dismukes' sentence would have been "something between 262 and 327 months," absent the plea agreement (Trans. of Proceedings – Sentencing at 7, May 19, 2006).  In either event, everyone agrees that Dismukes' 144-month prison term was well below the then-applicable guideline range.

11(c)(1)(C)." (Resp. at 1, Doc. No. 371.) Although the court would reach a different conclusion if writing on a clean slate, binding appellate precedent compels the result urged by the government.

*United States v Ray*, 598 F.3d 407 (7th Cir. 2010), and *United States v. Franklin*, 600 F.3d 893 (7th Cir. 2010), two recent Seventh Circuit cases, are directly on point. In *United States v. Ray*, the defendant entered into an agreement with the government, pleading guilty to possession of crack cocaine with intent to distribute and stipulating to a sentence of 263 months incarceration, a 10% reduction from the low end of the then-applicable guideline range. *Ray*, 598 F.3d at 409. Ray later filed a motion to reduce his sentence to 212 months, 10% less than the low end of the post-Amendment 706 crack cocaine guideline range. *Id.* The district court denied Ray's motion, and he appealed. *Id.* The Seventh Circuit framed the issue as "whether Ray was sentenced 'based on' the Sentencing Guidelines." *Id.* at 409. The court acknowledged that "it seems most unlikely that the agreed sentence was arrived upon by chance and without regard to the Guidelines, which presumably featured prominently in the parties' negotiations." *Id.* Nonetheless, the court reasoned that "it is a far cry from the unremarkable observation that the Guidelines influenced the negotiations that ultimately resulted in the [sentence] . . . to the more dubious contention that the sentence was 'based on' the Guidelines." *Id.* "Only if an intent to modify is apparent at the time of the agreement," the court held, "is the sentence modifiable since the issue is one of contract." *Id.* at 410. Because "Ray's plea agreement . . . evinced no clear intent that his sentence be adjusted in tandem with any future adjustment in the Guidelines," the court "[could not] conclude that his 263-month sentence was 'based on' the Guidelines." *Id.* Instead, Ray's plea agreement

3

simply stated that the government would move the court to "depart from the applicable sentencing guidelines range . . . and to impose the specific sentence agreed to by the parties." *Id.* at 409. The court acknowledged that "[i]t is entirely plausible that the parties viewed a 10% reduction from the low end of the Guidelines range as the appropriate sentence . . . [b]ut since the parties failed to specify this relationship in writing, we can only surmise its existence." *Id.* The court held that "[s]uch speculation provides insufficient basis for us to conclude that the 263-month sentence was 'based on' the Guidelines." *Id.*

In *United States v. Franklin*, the Seventh Circuit reaffirmed and clarified its holding in *Ray*. The defendant in *Franklin* had entered into a plea agreement providing for a sentence of 157 months, a term 40% below the low end of the applicable guideline range. *Franklin*, 600 F.3d at 895. After Amendment 706 became effective, Franklin brought a motion for reduction of his sentence, which the district court denied. *Id.* at 895-96. The Seventh Circuit held that "*Ray* forecloses Franklin's argument," reasoning that:

> As in *Ray*, the plea agreement in Franklin's case did not state that the 157-month term was based upon the guidelines, and it did not explain how the parties chose the 157-month term. This term was also below the guidelines range . . . . Under *Ray*, this plea agreement simply does not reflect an intent to tie the sentence to the guidelines.

*Id.* at 896. The court clarified, however, that *Franklin* and *Ray* "do not mean that all Rule 11(c)(1)(C) plea agreements foreclose relief under section 3582(c)(2)." *Id.* at 897.

> If, for example, Franklin's plea agreement had provided that the term of imprisonment was to be '40% below the low end of the guidelines range,' or had agreed that 'the defendant will receive the low end of the applicable guideline range,' then . . . the plea agreement would be 'based on' a guidelines range.

4

*Id.* Even a situation where the defendant "agreed to 168-month term which the agreement stated was 'the bottom of the applicable guideline range,' might yield a different results." *Id.* Because there was no such language in Franklin's plea agreement, however, the Seventh Circuit held that the district court lacked jurisdiction to modify the sentence. *Id.*

Like the plea agreements in *Ray* and *Franklin*, Dismukes' plea agreement "evinced no clear intent that his sentence be adjusted in tandem with any future adjustment in the Guidelines." *Ray*, 598 F.3d at 410. (*See* Plea Agreement.) With respect to the agreed-upon term of imprisonment, Dismukes' plea agreement stated, just as Ray's did, that "the government . . . shall move the court . . . to depart from the applicable sentencing guideline range and the statutory minimum sentence, and to impose the sentence agreed to by the parties outline below," which "shall include a term of imprisonment of 144 months." (Plea Agreement at ¶ 16.) *See Ray*, 598 F.3d at 409 Absent from Dismukes' plea agreement are any attempts to "tie [Dismukes'] sentence to the guidelines." *Franklin*, 600 F.3d at 896. (*See* Plea Agreement.) Like the plea agreements in *Ray* and *Franklin*, Dismukes' plea agreement "did not state that the [144]-month term was based upon the guidelines, and it did not explain how the parties chose the [144]-month term . . . [and] was also below the guidelines range . . . ." *Id.* While the court would reach a different result were it writing on a clean slate, *United States v. Ray* and *United States v. Franklin* foreclose Dismukes' argument.[2] Accordingly, Dismukes' motion for modification of his sentence is denied.

---

[2] The court is of the view that Rule 11(c)(1)(C) plea agreements such as Dismukes' should be subject to modification in these circumstances for two reasons. First, his plea agreement's language makes explicit that the parties agreed to a specific departure from the applicable guidelines range. The applicable guidelines range is part of this agreed-to equation, as is the departure, a concept which is very much a part of the guidelines scheme. The conclusion that a sentence arrived at in this manner is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" is as reasonable a construction of the statutory language as that adopted by the Seventh Circuit; it has the added advantage of

## IV. CONCLUSION

Dismukes' motion for modification of sentence [362] is denied.

ENTER: /s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: June 11, 2010

---

being consistent with the rule of lenity. Second, the Seventh Circuit's construction leads to troubling policy results. Those who were able to negotiate a Rule 11(c)(1)(C) agreement with the government (usually those who cooperated but invariably those who negotiated most productively and accepted responsibility) are denied the benefit of the retroactive guidelines amendment, while those who refused to negotiate, refused to cooperate and/or refused to accept responsibility are rewarded by having their sentences lowered.